FILED
VANESSA L. ARMSTRONG, CLERK
JUL 09 2019
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA            PLAINTIFF

v.            CRIMINAL NO. 5:19CR-12-TBR

STEPHEN P. MADDUX            DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Stephen P. Maddux, and his attorneys, Emily Roark and Teris Swanson, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 2422(b), 2423(a), 2251(a), and 2252A(a)(2)(A).

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged. Defendant further acknowledges that the Indictment in this case seeks forfeiture of any visual depiction described in Title 18, United States Code, Section 2251, and all of his right, title, and interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offenses or any property traceable to such property, including but not limited to, a white iPhone bearing IMEI 354405069508730, a red and black thumb drive, and a black Toshiba external hard drive,

bearing serial number X0HUB01BBMC4, pursuant to Title 18, United States Code, Sections 2253(a)(3) and 2428, by way of the offenses charged in Counts 1 through 5 of the Indictment.

3. Defendant will enter voluntary pleas of guilty to Counts 1, 2, 4 and 5 in this case. The United States will move to dismiss Count 3 of the Indictment in exchange for the Defendant's guilty pleas to Counts 1, 2, 4, and 5. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

At all times relevant to the charges listed in the Indictment the defendant was employed by the Livingston County School District as a high school teacher.

On or about and between December 18, 2016 through January 22, 2017, in the Western District of Kentucky, Livingston County, Kentucky, and elsewhere, the defendant used a facility and means of interstate commerce and did knowingly attempt to persuade, induce, and entice an individual, who had not attained the age of 18 (Jane Doe 1), to engage in sexual activity for which any person can be charged with a criminal offense.

On or about and between December 26, 2016 and March 7, 2017, in the Western District of Kentucky, McCracken County, Kentucky, the defendant knowingly transported an individual, who had not attained the age of eighteen years (Jane Doe 1), in interstate commerce, from Kentucky to Illinois, with the intent that Jane Doe 1 engage in sexual activity for which any person can be charged with a criminal offense.

On or about December 30, 2016, in the Western District of Kentucky, Livingston County, Kentucky, and elsewhere, the defendant knowingly distributed child pornography, as that term is defined in 18 U.S.C. § 2256(8)(A), using any means and facility of interstate commerce and in and affecting interstate commerce by any means, including by computer.

On or about and between October 11, 2017 through February 2018, in the Western District of Kentucky, Livingston County, Kentucky, and elsewhere, the defendant, using a facility and means of interstate commerce, did knowingly attempt to persuade, induce, entice, and coerce an individual, who had not attained the age of eighteen years (Jane Doe 2), to engage in sexual activity for which any person can be charged with a criminal offense.

4. Defendant understands that the charges to which he will plead guilty carry a minimum term of imprisonment of 10 years and a maximum term of imprisonment of life, a maximum fine of $1,250,000.00, and a term of supervised release of not less than 5 years nor more than life. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any visual depiction described in Title 18, United States Code, Section 2251, and all of his right, title, and interest in any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offenses or any property traceable to such property, including but not limited to, a white iPhone bearing IMEI 354405069508730, a red and black thumb drive, and a black Toshiba external hard drive, bearing serial number X0HUB01BBMC4, pursuant to Title 18, United States Code, Sections 2253(a)(3) and 2428, by way of the offenses charged in Counts 1, 2, 4, and 5 of the Indictment. Defendant further understands that he may be required to register as a sex offender for a period of years, up to life, and abide by all conditions and requirements thereof.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading

guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act, 42 USC §§ 901 et.seq. Defendant understands that failure to comply with the obligations of the Sex Offender Registration and Notification Act may subject defendant to prosecution for failure to register under federal law, see 18 U.S.C. § 2250, a crime which is punishable by a fine or imprisonment, or both. Defendant also understands that he will be subject to both federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future

4

sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

8. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

9. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

10. Pursuant to 18 U.S.C. § 2259, the defendant agrees to pay restitution, if requested prior to sentencing, of at least $3,000.00 to each victim. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

11. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 per felony count for a total of $400 to the United States District Court Clerk's Office by the date of sentencing. Defendant further acknowledges liability for the mandatory special assessment mandated by 18 U.S.C. § 3014 and will pay the assessment in the amount of $5,000 per applicable count for a total of $20,000, if the Court determines that the defendant is non-indigent.

12. At the time of sentencing, the United States will

-agree that a sentence of 120 months is the appropriate disposition of this case.

-argue that a 5 year term of supervised release is the appropriate disposition of this case in regards to the defendant's term of supervised release.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

-demand forfeiture of all items covered by the Notice of Forfeiture
in the Indictment.

13. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:
The parties will review the Guidelines calculations by the United States Probation Office and reserve their rights to make objections, if any, to those.

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

14. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to

defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

18. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

19. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is

in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

20. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          7/9/19
Leigh-Ann Dycus                                                    Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____    _____7/9/19_____
Stephen P. Maddux                                    Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____    _____7/9/19_____
Emily Roark/Teris Swanson                      Date
Counsel for Defendant

RMC:LAD

10