UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　　　　　　　　　　　　CRIMINAL NO. 5:19-CR-12-TBR

**STEPHEN P. MADDUX**　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

## SENTENCING MEMORANDUM

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for November 25, 2019. The United States will not call any witnesses at the hearing.

## PROCEDURAL HISTORY

Stephen P. Maddux ("defendant"), was indicted by a federal Grand Jury on February 12, 2019, and formally charged with two counts of Attempted Enticement, one count of Transportation with Intent to Engage in Criminal Sexual Activity with a Minor, one count of Production of Child Pornography, and one count of Distribution of Child Pornography. The events related to the Indictment stem from conduct that occurred on or about and between December 18, 2016 and February of 2018. Upon his arrest, and after a detention hearing, the defendant was ordered released and so remained until July 9, 2019 when he was taken into custody after his change of plea.

On July 9, 2019, the defendant pled guilty to four of the five counts charged in the Indictment. The United States agreed to dismiss the single count of Production of Child Pornography at the time of sentencing. Pursuant to the plea agreement, the United States agreed that a sentence of 120 months followed by a 5 year term of supervised release was the appropriate disposition of the case. The United States also agreed to a fine at the lowest

end of the Sentencing Guideline range. The defendant agreed to pay restitution if requested prior to sentencing and court costs in the amount of $400. The defendant also agreed to pay the mandatory special assessment mandated by 18 U.S.C. §3014 of $5,000 per applicable count, for a total of $20,000, should the Court find that the defendant was non-indigent. *See* Plea Agreement [DN 21].

## OFFENSE CONDUCT

The United States agrees with the offense conduct, as laid out in the U.S. Probation Office's final Presentence Investigation Report (PSR), at paragraphs 12-18. [DN 29].

## GUIDELINES CALCULATION

The United States agrees with the U.S. Probation Office's guidelines calculation and criminal history computation contained within the PSR. The United States believes that the offense level was properly determined to be a 33. The defendant has no prior criminal record. Thus, the resulting guideline range is 135-168 months imprisonment. The minimum term of imprisonment mandated by statute is 120 months. The United States agreed to recommend a sentence of 120 months as the appropriate resolution of this matter.

## SENTENCING FACTORS

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

. . .

(5) any pertinent policy statement--

. . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## CONCLUSION

It is the position of the United States that a sentence of 120 months would accomplish the sentencing purposes of 3553(a). Therefore, should the Court also agree, the United States respectfully requests that the Court impose a sentence of 120 months, which is sufficient, but not more than necessary to satisfy the above factors.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

*/s/ Leigh Ann Dycus*
Leigh Ann Dycus
Assistant U.S. Attorney
501 Broadway, Suite B29
Paducah, Kentucky  42001
270-816-3354
leigh.ann.dycus@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 13, 2019 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Emily Roark, Esq.**, counsel for defendant.

                                                */s/ Leigh Ann Dycus*
                                                Leigh Ann Dycus
                                                Assistant U.S. Attorney